IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JUAN CARLOS HERNANDEZ,

                Petitioner,

v.

UNITED STATES OF AMERICA,

                Respondent.

OPINION AND ORDER

16-cv-435-bbc
00-cr-113-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Juan Carlos Hernandez pleaded guilty in 2001 to the crime of conspiring to possess and distribute methamphetamine. He had two prior convictions, one for possession of cocaine, a controlled substance offense, and one for involuntary manslaughter, which was considered a violent offense for purposes of the then-mandatory sentencing guidelines. The two convictions made him a career offender under the sentencing guidelines, U.S.S.C. § 4B1.1(a). He was sentenced to a term of 360 months, which was the bottom of the mandatory guidelines range. In 2016, he filed the present motion for post conviction relief under 28 U.S.C. § 2255, contending that under the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), his prior conviction for involuntary manslaughter does not qualify as a violent offense and he is entitled to resentencing. This matter was stayed pending the Supreme Court's decision in Beckles v. United States, 137 S. Ct. 886 (2017). After the Beckles decision was issued in March of 2017, the parties completed their

1

briefing.

The government opposes the petition on four grounds, the first three of which are procedural: (1) petitioner procedurally defaulted his constitutional vagueness argument; (2) Johnson is not retroactive to mandatory or advisory guidelines cases, making petitioner's claim untimely; and (3) petitioner's claim fails the merits because Beckles and Seventh Circuit precedent bar relief. After considering the parties' arguments, I conclude that Johnson does not provide petitioner any means of relief. Therefore, I am denying the petition. Because this issue has not yet been resolved by the court of appeals, I will grant petitioner a certificate of appealability.

BACKGROUND

A. Petitioner's Conviction and Direct Appeal

When petitioner was charged in 2000 with the federal crime of distributing more than 500 grams of methamphetamine, he had two prior California convictions, one for possession of cocaine for sale and one for involuntary manslaughter involving "reckless conduct presenting a serious potential risk of physical injury to another." Under the United States Sentencing Guidelines in effect at that time, petitioner's state cocaine charge was classified as "a controlled substance offense" and his involuntary manslaughter conviction was classified as a "a crime of violence." U.S.S.C. § 4B1.2. The two prior convictions made him a career offender under § 4B1.1(a). As a result, his mandatory guidelines range increased from 210 to 262 months, to 360 months to life. He was sentenced to 360 months.

Petitioner filed a timely appeal in which he challenged the characterization of his involuntary manslaughter conviction as a crime of violence, but did not challenge the constitutionality of the "residual clause" of U.S.S.C. § 4B1.2(a)(2). His appeal was unsuccessful. He filed no other motions attacking his sentence until he learned of the 2015 decision in Johnson, 135 S. Ct. 2551, in which the Supreme Court held that the definition of "violent felony" in the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii) of the Armed Career Criminal Act was unconstitutionally vague. He filed a motion for post conviction relief within one year of the announcement of the decision in Johnson.

B. Supreme Court Decisions Interpreting the Residual Clause

Under the Armed Career Criminal Act, the term "violent felony" applied to the crimes enumerated in 18 U.S.C. § 924(e)(2)(B):

> (i) any crime that had as element either "the use, attempted use, or threatened use of physical force against the person of another" [often referred to as the "elements clause";]
>
> (ii) any crime of "burglary, arson or extortion, involves use of explosives [the "enumerated clause"]; or otherwise involves conduct that presents a serious potential risk of physical injury to another"; [the "residual clause"].

The "residual clause" has long presented difficult questions of interpretation. It was not clear how serious the potential risk of physical injury must be, for example, or whether the question to be decided was the seriousness of the conduct in a given case or the potential seriousness of similar conduct in the ordinary case of the defendant's crimes. The Court's answers varied. In James v. United States, 550 U.S. 192 (2007), for instance, the Supreme

3

Court found that the clause covered a person charged with attempted burglary, but the Court found in Begay v. United States, 553 U.S. 137 (2008), that the clause did not apply to persons charged with drunken driving. In later opinions, the Court found that the clause applied to a person charged with vehicular flight from law enforcement to avoid punishment, Sykes v. United States, 564 U.S. 1 (2011), but not to failure to report to serve a period of weekend confinement, United States v. Chambers, 555 U.S. 122 (2009).

Finally, in Johnson, 135 S. Ct. 2551, the Court abandoned any effort to distinguish among various interpretations of the residual clause and declared the clause either "'too vague to give ordinary people fair notice of the conduct it punishes or so standardless that it invites arbitrary enforcement.'" Id. at 2556 (quoting Kallander v. Lawson, 461 U.S. 352, 357-58 (1983)). Such a "shapeless" provision did not "comport with the Constitution's guarantee of due process." Id. at 2560. Thus, to qualify as a "violent felony," a prior conviction must satisfy either the elements clause or the enumerated clause of § 924(e)(2)(B). The following year, in Welch v. United States, 136 S. Ct. 1257 (2016), the Court held that the decision in Johnson was substantive, which meant that it was not confined to cases on direct appeal but applied to cases on collateral review as well.

After Welch, questions remain relating to the Court's ruling in Johnson, primarily whether its scope is limited 18 U.S.C. § 924(e)(2)(B)(ii) of the Armed Career Criminal Act or whether it extends to persons sentenced under §§ 4B1.1(a) and 4B1.2 of the career offender guidelines. A number of lower courts, including the Court of Appeals for the Seventh Circuit, reasoned that the holding in Johnson should extend to the "residual clause"

4

of the sentencing guidelines as well and thus, permitted petitioners to bring post conviction challenges to career offender sentences. E.g., United States v. Hurlburt, 835 F.3d 715 (2016) (holding sentencing guidelines unconstitutionally vague under due process principles and therefore subject to challenge).

The Supreme Court held otherwise in Beckles v. United States, 137 S. Ct. 886 (2017), concluding that Johnson had no application to persons sentenced as career offenders under §§ 4B1.1(a) and 4B1.2, at least since those guidelines have been advisory. As the Court viewed the matter, the advisory sentencing guidelines do not work in the same way as the Armed Career Criminal Act, under which the court is required to increase the sentences for qualifying persons from a statutory maximum of 10 years to a minimum of 15 years. Unlike the Act, the guidelines do not authorize the sentencing court to impose an increased sentence of indeterminate length or "fix the permissible range of sentences for criminal offenses." Id. at 892. Instead, the advisory guidelines "merely guide the exercise of a court's discretion in choosing the appropriate sentence within the guideline range." Id. The Court did not address the question whether Johnson would apply to cases involving application of mandatory guidelines ranges.

OPINION

Petitioner was sentenced when the sentencing guidelines were considered to be mandatory. He argues that because the mandatory guidelines "fixed" sentencing ranges in the same way that the Armed Career Criminal Act does, the residual clause in the mandatory

5

sentencing guidelines is unconstitutionally vague for the reasons set forth in Johnson. In response, the government argues that petitioner's claim is procedurally defaulted, his motion is untimely and, in any event, the decision in Johnson does not apply to sentences imposed under the mandatory guidelines. I address these arguments below.

A. Procedural Default

Under the doctrine of procedural default, a claim is defaulted for purposes of a motion under § 2255 if the petitioner failed to raise it at trial or on direct appeal. McCoy v. United States, 815 F.3d 292, 295 (7th Cir. 2016) ("A claim cannot be raised for the first time in a § 2255 motion if it could have been raised at trial or on direct appeal."); Barker v. United States, 7 F.3d 629, 632 (7th Cir. 1993). A petitioner cannot bring defaulted claims in a motion under § 2255 unless he shows both cause and prejudice for the default, or he shows that he is actually innocent or that a "fundamental miscarriage of justice" occurred. Richardson v. Lemke, 745 F.3d 258, 272 (7th Cir. 2014).

1. Cause

Petitioner argues that he has cause for his failure to challenge the constitutionality of the residual clause because such a claim was "so novel that its legal basis is not reasonably available to counsel." Reed v. Ross, 468 U.S. 1, 16 (1984). Indeed, at the time of petitioner's direct appeal, the law in this circuit was that "the Guidelines are not susceptible to attack under the vagueness doctrine." United States v. Brierton, 165 F.3d 1133, 1139

6

(7th Cir. 1999). On the other hand, the Supreme Court had not yet addressed the question, and the Supreme Court decisions petitioner cites came years after he was sentenced. James v. Untied States, 550 U.S. 192 (2007); Sykes v. United States, 564 U.S. 1 (2011). Nor does petitioner cite to a case in which the Court of Appeals for the Seventh Circuit had considered a vagueness challenge to the residual clause of the guidelines in particular.

Moreover, futility is rarely a legitimate basis for failing to raise a claim. Turner v. United States, 693 F.3d 756, 758 (7th Cir. 2012) (defendant's failure to challenge constitutionality of honest-services statute on his direct appeal not excused by claimed futility of such a claim; "'[t]hat the argument seems likely to fail is not "cause" for its omission.'") (quoting Ryan v. United States, 645 F.3d 913, 916 (7th Cir. 2011)); United States v. Smith, 241 F.3d 546, 548 (7th Cir. 2001) ("[T]he lack of precedent for a position differs from 'cause' for failing to make a legal argument. Indeed, even when the law is against a contention, the litigant must make the argument to preserve it for later consideration."). As the Supreme Court has explained, "futility cannot constitute cause if it means simply that a claim was 'unacceptable to the particular court at that particular time.'" Bousley v. United States, 523 U.S. 614, 623 (1998) (quoting Engle v. Isaac, 456 U.S. 106, 130 n.35 (1982)). In this case, I conclude that petitioner has not shown why a challenge to the residual clause would have been so novel his counsel could not have argued it. As the government points out in its brief, petitioners were challenging the constitutionality of the residual clause long before Johnson was decided. Thus, petitioner cannot rely on cause and prejudice to excuse his procedural default.

7

2. Miscarriage of justice

Petitioner argues that even if he cannot show cause for failing to challenge application of the residual clause on direct appeal, he can overcome the defense of procedural default because the court's failure to consider his claim would result in a "fundamental miscarriage of justice." Bolton v. Akpore, 730 F.3d 685, 696-97 (7th Cir. 2013) (showing that fundamental miscarriage of justice would occur also overcomes default). Petitioner relies on the court of appeals' decision in Narvaez v. United States, 674 F.3d 621 (7th Cir. 2011), in support of his miscarriage of justice argument.

The facts of Narvaez are similar to those in this case. At a time when the sentencing guidelines were still mandatory, Luis Narvaez was sentenced to a term of 170 months for bank robbery. He was found to be a career offender under the sentencing guidelines because he had two prior state convictions for escape involving failure to return to confinement. Five years later, the Supreme Court decided in Begay, 553 U.S. 137, that driving under the influence of alcohol did not constitute a violent felony under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), because it did not "involve purposeful, violent, and aggressive conduct," similar in kind to the examples of offenses listed in the statute. Id. at 143. The next year, in Chambers, 555 U.S. 122, the Court held that the crime of failure to report for penal confinement was not a violent felony under the Armed Career Criminal Act. After learning of these decisions, Narvaez filed a post conviction motion under § 2255, which the district court denied on the ground that Begay and Chambers did not apply retroactively to cases on collateral review. On appeal, the government conceded, and the court of appeals

agreed, that Begay and Chambers were substantive decisions that should receive retroactive application on collateral review. In the course of its review, the court of appeals concluded that Narvaez was entitled to resentencing because he was the subject of a miscarriage of justice, that is, "a fundamental defect which inherently results in a complete miscarriage of justice." Hill v. United States, 368 U.S. 428 (1962). The court of appeals explained that to classify a defendant as a career offender and "therefore to increase, dramatically, the point of departure for his sentence, is certainly as serious as the most grievous misinformation that has been the basis of granting habeas relief." Id. Finally, the court of appeals rejected the government's argument that no miscarriage of justice occurred because the sentencing court could impose the same sentence on remand, stating that because the guidelines had been mandatory, Narvaez had been sentenced "approximately five years beyond that authorized by the sentencing scheme." Id. at 630.

Petitioner has a good argument that the holding in Narvaez may be applied to excuse his procedural default. Like the petitioner in Narvaez, petitioner received a sentence under mandatory career offender guidelines that were later undermined by Supreme Court decisions involving convictions under the Armed Career Criminal Act. Additionally, like Narvaez, petitioner's guidelines range would be much lower without the career offender enhancement.

However, there is a significant difference between this case and Narvaez. In Narvaez, the parties and the court of appeals agreed that the Supreme Court's decisions in Begay and Chambers applied retroactively to Narvaez's collateral challenge. In contrast, it is far from clear that Johnson applies retroactively on collateral review to cases involving mandatory

9

guidelines sentences. Neither the Supreme Court nor the Court of Appeals for the Seventh Circuit has held that Johnson applies retroactively to mandatory guidelines sentences, and several courts around the country have held otherwise. As discussed further below, I agree with those courts that have concluded that until a Supreme Court decision applies Johnson retroactively to sentences under the mandatory guidelines, defendants cannot bring a collateral challenge under Johnson.

B. Retroactivity and Timeliness

Under 28 U.S.C. § 2255(f)(1), a petitioner has one-year from the date on which his conviction became final to file a § 2255 motion. The government argues that petitioner's motion is untimely because he filed it years after his conviction became final. However, petitioner argues that his motion is timely under a different subsection of § 2255, § 2255(f)(3), which allows a motion to be filed within one year of "a right [that] has been newly recognized by the Supreme Court and made retroactively available to cases on collateral review." Petitioner argues that his motion is timely because he filed his motion within one year of the new rule announced in the Supreme Court's Johnson decision and because the Supreme Court held in Welch, 136 S. Ct. at 1269, that Johnson is retroactive. The government responds that petitioner cannot rely on § 2255(f)(3) because Johnson did not recognize a new right that applies retroactively to sentences under the mandatory sentencing guidelines. Rather, the government argues, Johnson extended only to sentences under the Armed Career Criminal Act.

10

The parties' timeliness dispute turns on how narrowly one reads the due process "right" recognized by the Supreme Court in Johnson. Petitioner argues that Johnson recognizes the right not to be sentenced under a vague residual clause that increases the minimum or maximum allowable sentence, regardless whether the boundaries are statutory or arise from mandatory guidelines. For its part, the government seems to concede that the right recognized in Johnson may extend beyond the technical holding of Johnson, stating that Johnson recognized a right not to be sentenced pursuant to a "vague federal enhancement statute." Resp.'s Br., dkt. #6,a at 12. Nonetheless, the government contends that Johnson did not resolve the question whether the residual clause of the mandatory guidelines was unconstitutionally vague.

The Court of Appeals for the Seventh Circuit has not yet considered the question whether Johnson recognizes a right that applies to the residual clause of the mandatory sentencing regime. There is a split among courts that have considered the question. Compare Moore v. United States, 871 F.3d 72 (1st Cir. 2017) (holding that § 2255 motion was not untimely or successive because Johnson announced new constitutional rule that applied to the pre-Booker guidelines), with United States v. Brown, 868 F.3d 297 (4th Cir. 2017) (holding that § 2255 motion was untimely because new constitutional rule announced in Johnson applies only to cases prosecuted under Armed Career Criminal Act); Raybon v. United States, 867 F.3d 625 (6th Cir. 2017) (same).

In concluding that Johnson did not recognize a right applicable to mandatory guidelines sentences, the Courts of Appeal for the Fourth and Sixth Circuits noted that

11

Beckles v. United States, 137 S. Ct. 886 (2017), made it clear that Johnson did not apply to every provision with the same wording as the Armed Career Criminal Act's residual clause. Brown, 868 F.3d at 303-04; Raybon, 867 F.3d at 630-31. Additionally, the courts of appeal cited Justice Sotomayor's concurring opinion in Beckles, which stated that the majority opinion "le[ft] open the question" whether [Johnson] applied to the pre-Booker guidelines, 137 S. Ct. at 903 n.4 (Sotomayor, J., concurring in the judgment). Brown, 868 F.3d at 299-300; Raybon, 867 F.3d at 628-30. The courts reasoned that because the Supreme Court had not decided the reach of Johnson, the petitioners had not identified a new right applying to their sentences that would make § 2255(f)(3) available to them.

The reasoning in Brown and Raybon is persuasive. In Johnson, the Supreme Court recognized that the residual clause of the Armed Career Criminal Act was unconstitutionally vague. In Beckles, the Supreme Court recognized that the advisory sentencing guidelines are not amenable to vagueness challenges. In a later case, the Supreme Court may agree that the residual clause of the mandatory guidelines operates more like the Armed Career Criminal Act than the advisory guidelines and thus, is also void for vagueness. However, unless and until the Supreme Court decides this issue, petitioner cannot bring a challenge to his mandatory guidelines sentence.

## C. Certificate of Appealability

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when entering a final order. To obtain a certificate of

appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Although I am not persuaded that petitioner has failed to show that he has been denied a constitutional right, the issue is sufficiently novel to merit a certificate of appealability. Accordingly, a certificate of appealability will issue.

ORDER

IT IS ORDERED that the motion for post conviction relief filed by petitioner Juan Carlos Hernanez is DENIED. Petitioner is GRANTED a certificate of appealability.

Entered this 20th day of December, 2017.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge